# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**

    Plaintiff,

  v.

**SHORENSTEIN REALTY SERVICES, LP; SHORENSTEIN MANAGEMENT, INC.; SHORENSTEIN COMPANY, LLC; SRI MICHIGAN AVENUE VENTURE, LLC; SRI MICHIGAN AVENUE MANAGEMENT, INC.; 175 EAST DELAWARE PLACE HOMEOWNERS ASSOCIATION; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,**

    Defendants.

No. 07 C 3179

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; SRI MICHIGAN AVENUE VENTURE, LLC; SHORENSTEIN REALTY SERVICES, LP; SHORENSTEIN MANAGEMENT, INC.; SRI MICHIGAN AVENUE, INC.; AND SHORENSTEIN COMPANY, LLC,**

    Counter-Plaintiffs,

  v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**

    Counter-Defendant.

NATIONAL UNION FIRE INSURANCE COMPANY **OF PITTSBURGH, PA; SRI MICHIGAN AVENUE VENTURE, LLC; SHORENSTEIN REALTY SERVICES, LP; SHORENSTEIN MANAGEMENT, INC.; SRI MICHIGAN AVENUE, INC.; AND SHORENSTEIN COMPANY, LLC,**

    Third-Party Plaintiffs,

  v.

**AMERICAN MOTORISTS INSURANCE COMPANY,**

    Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**

Third-party defendant American Motorists Insurance Company ("AMICO") has moved to dismiss count III of the third-party complaint ("the complaint") pursuant to FED. R. CIV. P. 12(b)(1) & (6). For the following reasons, the motion is denied.

I.

This is a declaratory judgment action arising out of a scaffold collapse at the John Hancock Center in Chicago on March 9, 2002. Plaintiff United States Fidelity and Guaranty Company filed the underlying complaint against defendants Shorenstein Realty Services, LP, Shorenstein Management, Inc., Shorenstein Company, LLC (collectively "Shorenstein"), SRI Michigan Avenue Venture, LLC, SRI Michigan Ave Management, Inc., National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), and 175 East Delaware Place Homeowners Association ("the Homeowners Association"). Plaintiff seeks a declaration that it does not have a duty to defend or indemnify defendants, under a commercial general liability insurance policy issued to a non-party, for various suits filed as a result of the scaffold collapse ("the underlying suits"). With the exception of the Homeowners Association, the defendants have filed counterclaims against the plaintiff and are third-party plaintiffs against AMICO. National Union is alleged to be Shorenstein's excess carrier and AMICO is alleged to be an insurer of one of Shorenstein's sub-contractors.

National Union seeks a declaratory judgment declaring it is

entitled to equitable subrogation against AMICO. Counts I and II of the complaint allege that AMICO breached its duty to defend Shorenstein in the underlying cases and that, based on Shorestein's targeted tender, National Union's policy was in excess of AMICO's primary and excess policies and that as a result of AMICO's failure to indemnify Shorenstein, National Union paid indemnity that AMICO owed to Shorenstein. National Union seeks a declaration of rights and seeks recovery of $6 million — the full policy limits of the AMICO primary and excess policies. In Count III, Shorenstein seeks recovery for AMICO's alleged bad faith and a declaration that AMICO's alleged actions constituted an unreasonable delay in settling the claim and that it is entitled to reasonable attorneys' fees and other costs under section 155 of the Illinois Insurance Code, codified as 215 ILCS 5/155 ("section 155").

## II.

In assessing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005); *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004). I must view the allegations in the light most favorable to plaintiff. *Id*. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).

## III.

AMICO first moves to dismiss count III on the ground that Shorenstein cannot meet the amount in controversy requirement in order to establish jurisdiction. Shorenstein does not dispute that it does not allege over $75,000 in damages, but argues that I may exercise supplemental jurisdiction over its claim. Section 1367 provides that a court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Two claims are part of the same case or controversy if they "'derive from a common nucleus of operative facts. A loose factual connection between the claims is generally sufficient.'" *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995) (quoting *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995)).

I agree with Shorenstein that count III derives from a common nucleus of operative facts and will exercise supplemental jurisdiction. Although AMICO was not a party to the insurance contract issued by the underlying plaintiff, its duties to Shorenstein in relation to the underlying suits provide more than a "loose factual connection between the claims." *Id*. In the absence of a decision concerning whether AMICO breached any of its alleged duties, Shorenstein's claim for attorneys' fees and costs could not be resolved. *See, e.g., Yamada Corp v. Yasuda Fire and Marine Ins. Co., Ltd.*, 305 Ill. App. 3d 362, 369, 712 N.E.2d 926, 931 (Ill. App. Ct. 1999) ("without a duty to defend, there can be

4

no . . . violation of . . . section 155 of the Illinois Insurance Code."). The interests of judicial economy are best served by the exercise of supplemental jurisdiction over the claim in count III and the motion to dismiss pursuant to Rule 12(b)(1) is denied.

AMICO also moves to dismiss count III on the ground that it fails to state a claim upon which relief can be granted. Shorenstein seeks damages under section 155, which provides:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155(1). This provision "simply provides an extracontractual remedy to an action on a policy," *Cramer v. Ins. Exchange Agency*, 174 Ill.2d 513, 523, 675 N.E.2d 897, 902 (Ill. 1997), and is a statutory remedy available to "an insured or his assignee 'who encounters unnecessary difficulties when an insurer withholds policy benefits.'" *Peerless Enter., Inc. v. Kruse*, 317 Ill. App. 3d 133, 144, 738 N.E.2d 988, 999 (Ill. App. Ct. 2000)

5

(quoting *Richardson v. Illinois Power Co.*, 217 Ill. App. 3d 708, 711, 577 N.E.2d 823 (Ill. App. Ct. 1991)); *see also* 22A Ill. Law and Prac. Insurance § 489.

AMICO argues Shorenstein's failure to allege a separate breach of contract claim against AMICO prevents it from stating a claim under section 155. AMICO is correct that Shorenstein has not alleged a breach of contract claim against AMICO; instead National Union — as Shorenstein's excess carrier — seeks equitable subrogation from AMICO. "The Illinois Supreme Court has explicitly held that the remedies embodied in section 155 extend only to the party insured or policy assignees, and not to third parties." *Brown & Kerr, Inc. v. St. Paul Fire and Marine Ins. Co.*, No. 95 C 1119, 1996 WL 464212, at *2 (N.D. Ill. Aug. 12, 1996) (Andersen, J.) (citing *Yassin v. Certified Grocers of Illinois, Inc.*, 133 Ill.2d 458, 466, 551 N.E.2d 1319, 1322 (Ill. 1990) (further citations omitted)); *see also Cramer*, 174 Ill.2d at 523, 675 N.E.2d at 902; *Garcia v. Lovellette*, 265 Ill. App. 3d 724, 728, 639 N.E.2d 935, 937-38 (Ill. App. Ct. 1994). Therefore, the issue arises as to whether National Union's equitable subrogation claim qualifies as the type of "action" triggering relief under section 155 and whether, in the absence of a breach of contract claim, Shorenstein has sufficiently stated a claim with respect to damages.

Based on the text of section 155, the answer to the former appears to be "yes." In other words, the statute provides relief is available in "*any* action . . . against a company wherein there is in issue the liability of a company on a policy." (emphasis

added).  This broad language strongly supports Shorenstein's ability to seek such relief in this case.  With respect to the second issue, I find Shorenstain has sufficiently stated a claim under section 155.  Although AMICO argues Shorenstein has not sufficiently alleged damages, the complaint provides that Shorenstein seeks attorneys fees in addition to statutory damages. This provides more than enough notice under federal pleading standards of Shorenstein's claim. Accordingly, the motion to dismiss pursuant to Rule 12(b)(6) is denied.

IV.

For the foregoing reasons, the motion is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated:  July 8, 2008