**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) No. 07 C 3179 |
| SHORENSTEIN REALTY SERVICES, L.P.; SHORENSTEIN MANAGEMENT, INC.; SHORENSTEIN COMPANY, LLC; SRI MICHIGAN VENTURE, LLC; SRI MICHIGAN AVENUE MANAGEMENT, INC.; 175 EAST DELAWARE PLACE HOMEOWNERS ASSOCIATION; and NATIONAL UNION FIRE INSURANCE OF PITTSBURGH, PA, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; SRI MICHIGAN AVENUE VENTURE, LLC; SHORENSTEIN REALTY SERVICES, L.P.; SHORENSTEIN MANAGEMENT, INC.; SRI MICHIGAN AVENUE MANAGEMENT, INC.; and SHORENSTEIN COMPANY, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants/Counter-Plaintiffs, | )<br>) |
| v. | )<br>) |
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | )<br>)<br>) |
| Plaintiff/Counter-Defendant. | )<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; SRI MICHIGAN AVENUE VENTURE, LLC; SHORENSTEIN REALTY SERVICES, L.P.; SHORENSTEIN MANAGEMENT, INC.; SRI MICHIGAN AVENUE MANAGEMENT, INC.; and SHORENSTEIN COMPANY, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendant/Third Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| AMERICAN MOTORISTS INSURANCE COMPANY, | )<br>) |
| Third Party Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Before the court is National Union's bill of costs. AMICO has filed objections to the bill, and USF&G has joined in those objections. For the reasons that follow, I tax the amount of $13,759.65 against AMICO and USF&G, jointly and severally. I tax an additional amount, $15.80, solely against USF&G.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees should be allowed to the prevailing party." 28 U.S.C. § 1920 specifies the costs that may be recoverable pursuant to Rule 54(d)(1): (1) the fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. When evaluating a bill of costs, a court must determine: (1) whether the expenses are allowable under § 1920, and (2) whether the expenses are reasonable and necessary. *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

AMICO and USF&G argue that I should deny the bill of costs in its entirety because this was a "mixed judgment," in which AMICO and USF&G prevailed on certain parts of claims. I disagree. Under Federal Rule 54(d), a party "prevails" when a final judgment awards that party substantial relief. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009). When a party

obtains substantial relief, it prevails even if it does not win on every claim. *See Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999). Here, National Union was awarded substantial relief in my rulings relating to the certificates of insurance, coverage issues and finally damages. Thus, National Union is a prevailing party and entitled to costs.

**Fees for Service of Summons and Subpoena**

National Union seeks $283.50 in fees for service of a summons and a subpoena. AMICO/USF&G object to these fees because the service was effectuated by a private process server (and not the federal marshal), and because National Union did not issue a request for waiver of service under Federal Rule of Civil Procedure 4(d). First, National Union has failed to put forward any case which supports its position that a prevailing plaintiff must request a waiver in order to be reimbursed for service of process. *See Marcus & Millichap Real Estate Investment Services Inc. v. Sekulovski*, No. 07 C 5369, 2010 WL 145785, at *8 (N.D. Ill. Jan. 12, 2010) (rejecting argument that fee for service of process should be denied because plaintiff failed to request waiver of service of process). Turning to the private process server issue, the Seventh Circuit has held that a party may recover for the cost of private process servers, with some restrictions. In *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996), the Seventh Circuit held that "[T]he prevailing party [can] recover service costs that do not exceed the

marshal's fees, no matter who actually effected service." The allowable cost for service of process by the U.S. Marshals is $55 an hour for each item served plus travel costs and any other out-of-pocket expenses. 28 C.F.R. §0.114(a)(3). Here, National Union seeks $195 for service of process on AMICO and $88.50 for service of a subpoena on MCA. Neither receipt provides an hourly breakdown, so I will award $55 for each, totaling $110.

**Court Reporter Fees**

National Union seeks a total of $1,317.15 in various court reporter fees for the deposition of George Yankwitt. AMICO/USF&G object to the fees because they claim that the per-page fee exceeds $3.65, the rate established by the Judicial Conference of the United States. The receipt reflects that the court reporter charged $1,098.00 for a 305 page transcript, which comes out to $3.60 per page, which is allowable. I decline to award the $102.15 charge associated with "Exhibits" as National Union has not made any argument as to why they were necessary, and whether or not it already had copies in its possession. "Courts should not award 'costs associated with deposition exhibit copies unless the costs are essential to understanding an issue in the case.'" *Menasha Corp. v. News America Marketing Instore, Inc.*, No. 00 C 1895, 2003 WL 21788989, at *2 (N.D. Ill. July 31, 2003) (quoting *Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002)). Likewise, the costs associated with a condensed transcript, the ETV

Disk and the archiving fee are not recoverable. *See Comrie v. IPSCO Inc.*, No. 08 C 3060, 2010 WL 5014380, at *3 (N.D. Ill. Dec. 1, 2010); *Correa v. Ill. Dept. of Corrections*, No. 05 C 3791, 2008 WL 299078, at *2 (N.D. Ill. Jan. 29, 2008). I will, however, tax the delivery charge of $8.00. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) (where court labeled *per diem* costs and delivery costs of court reporter "incidental" to taking of deposition and concluded that the district court's award of costs to prevailing party was not abuse of discretion). Thus, National Union is entitled to $1106.00.

**Printing Charges/Exemplification/Copying fees**

Next, National Union seeks $2,520.30 for in-house printing and $12,366.22 for third-party copying and costs associated with printing from PACER. AMICO/USF&G argue that National Union's supporting materials are insufficiently detailed to support the amount National Union requests. National Union's documentation identifies the number of pages printed or copied, the price per page, and the total cost. AMICO/USF&G argue that the documentation is "incredibly obscure and extraordinarily difficult to evaluate[.]" Resp. at 3. But National Union's burden is only to provide "the best breakdown obtainable from retained records" to establish that the costs relate to "copies made for this case for its attorneys and billed in the normal course." *Northbrook Excess and Surplus Ins. Co. v. Procter and Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

5

Keeping in mind the size and duration of this case, I conclude that the number of copies made was reasonable and National Union's documentation is sufficient.

AMICO/USF&G make a few additional and more specific objections. First, AMICO/USF&G point out that National Union's documentation indicates that the $2,520.30 total for "in-house printing" covers printing charges beginning in June 2007. AMICO argues that these charges should not be taxed against it because it did not appear in this case until March 11, 2008. Where a party prevails in litigation against multiple parties, "the presumptive rule is joint and several liability unless it is clear that one or more of the parties is responsible for a disproportionate share of the costs." *Anderson v. Griffin*, 397 F.3d 515, 522-23 (7th Cir. 2005). While AMICO and USF&G were both parties in this case, they were jointly responsible for the costs. However, I decline to allow National Union to recover in-house copying costs from AMICO which National Union incurred before AMICO appeared in the case. *See Amer. Nat'l Ins. Co. v. Citibank, F.S.B.*, 623 F. Supp. 2d 953, 955 (N.D. Ill. 2009) (declining to assess costs against intervenor for costs incurred prior to intervenor's appearance in the case). The documentation provided by National Union shows that $2,504.50 of the in-house printing charges occurred after AMICO appeared in this case.[1] Therefore, that amount is chargeable against both AMICO and

---

[1] AMICO/USF&G objects to certain entries that were marked "unbilled." I am satisfied with National Union's explanation that

USF&G. The remainder of the charges, $15.80, were incurred prior to AMICO's appearance, and National Union makes no argument that these copies were ultimately produced to AMICO. Thus, the additional $15.80 is taxed solely against USF&G.

Turning now to the $12,366.22 requested for third-party copying and PACER copies, National Union breaks down this amount as $128.56 for PACER copies, $966.26 for Record Copy Services and $11,271.40 for Ikon Office Solutions.[2]

First, AMICO/USF&G argue that PACER copies are not recoverable. I agree. *See Swan Lake Holdings, LLC v. Yamaha Golf-Car Co.*, No. 3:09-CV-228, 2011 WL 1869389, at *4 (N.D. Ind. May 13, 2011) (noting that the case law is clear that charges for PACER fall into the same category as Westlaw and Lexis computerized research charges and are not recoverable as costs). Thus, the charges of $128.56 are denied.

With respect to the 2/25/08 invoice for $3,460.20 for approximately 28,000 copies, AMICO once again argues that it should not be taxed this amount because it did not appear in this case until March 2008. This time National Union provides a reason why

---

those entries were marked "unbilled" because those costs were incurred too recently to have been billed at the time the Bill of Costs was submitted to the court.

[2] AMICO/USF&G also question whether certain entries are properly included here (the Rusin Patton copies, the Circuit Court Clerk copies and the Kathryn Feagans county law library copies). However, National Union clarified that it did not seek reimbursement for any of these entries.

7

AMICO should share responsibility for these charges with USF&G. According to National Union, "the copies National Union made in February 2008 were for documents that were responsive to AMICO's later production requests and produced to AMICO." Reply at 4. National Union also states that this invoice was "for reproduction of materials from the underlying defense file for production in this case, documents responsive to AMICO's production requests and produced to AMICO." Reply at 5. I read these statements together as stating that the 2/25/08 copies were: (1) the reproduction of materials from the underlying defense file for production (presumably for both AMICO and USF&G) and (2) copies ultimately given to AMICO in discovery. Because it appears that these copies were made in order to produce discovery to both AMICO and USF&G, I will tax the $3,460.20 against both AMICO and USF&G, jointly and severally.

In addition, AMICO/USF&G objects to a March 2, 2011 invoice for $97.96, noting that discovery was completed prior to March 2011. National Union explains that these charges cover copies made to deliver courtesy copies in compliance with the court's standing order. These charges are reasonable and recoverable. *See, e.g., Boyle v. Torres*, No. 09 C 1080, 2011 WL 899720 (N.D. Ill. Mar. 15, 2011).

AMICO/USF&G objects that National Union is not entitled to the charge of $1,615.10 for bates labeling. I agree. *Nat'l Prod. Workers Union Ins. Trust v. Life Ins. Co. of North Am.*, No. 05 C

8

5415, 2010 WL 2900325 (N.D. Ill. July 21, 2010) (bates labeling not recoverable); *Gallagher v. Gallagher*, No. 07 C 4196, 2010 WL 2610192, at *3 (N.D. Ill. June 24, 2010) (same). I note that there are additional charges for bates labeling for $42.70 and $140.45, which are also not recoverable.

Finally, I note that the 6/16/08 and 9/15/08 invoices from IKON include charges for custom tabs, redwell folders, binders, binds, and a cd. National Union has not explained why such extras were necessary, and I conclude that they are not recoverable. *See Nat'l Prod. Workers Union Ins. Trust*, 2010 WL 2900325, at *4 (concluding that binding and tabbing are not recoverable). Likewise, National Union has not explained why the oversize color copies (which were $10 per square foot), the 11x17 color copies ($2 per page) or the 8.5x11 color copies ($1.25 per page) were necessary. Accordingly, I will allow $10 for the 4.5 square foot oversized color print, and allow a copy rate of $0.12 per page (which is the rate charged for regular black and white copies) for the other color copies.

Thus, with respect to the $12,366.22 requested, I tax the following: $3,460.20 (2/25/08 invoice), $726.88 (6/16/08 invoice), $4,586.70 (9/15/08 invoice), $102.48 (1/28/09 invoice), $196.63 (5/5/09 invoice), $151.40 (6/3/09 invoice), $68.32 (5/17/10 invoice), $360.88 (5/26/10 invoice), $287.70 (8/17/10 invoice), and $97.96 (3/2/11 invoice), thus totaling $10,039.15.

**Travel Expenses**

Finally, National Union seeks reimbursement of the costs for its attorneys' travel expenses to New York for the deposition of Shorenstein's former lawyer.  I decline to award these expenses. National Union's reliance on *Cintas v. Perry* is inapposite because in that case I awarded the prevailing defendant reasonable costs based on a provision in the employment contract, and was not restricted by the federal rules on awarding costs.  494 F. Supp. 2d 907, 909 (N.D. Ill. 2007).  The other case cited by National Union is also inapposite as its discussion of reimbursement for an attorney's travel time came in the context of a discussion of awarding attorney's fees, not costs. *See Smith v. Great Am. Rests., Inc.*, 969 F.2d 430, 440 (7th Cir. 1992).  National Union has put forward no authority which supports the notion that it can recoup attorney travel expenses.

Thus, in conclusion, I tax the following amount jointly and severally against AMICO and USF&G:  $110 (service), $ 1106 (court reporter fees), $2504.50 (in-house copying), $10,039.15 (third-party copying), for a total of $13,759.65.  The additional amount of $15.80 for in-house copying is taxed solely against USF&G.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: August 16, 2011