# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| SHORENSTEIN REALTY SERVICES, L.P.; | ) | No. 07 C 3179 |
| SHORENSTEIN MANAGEMENT, INC.; | ) | |
| SHORENSTEIN COMPANY, LLC; | ) | |
| SRI MICHIGAN AVENUE VENTURE, LLC; | ) | Judge Bucklo |
| SRI MICHIGAN AVENUE MANAGEMENT, INC.; | ) | |
| 175 EAST DELAWARE PLACE HOMEOWNERS | ) | Magistrate Judge Nolan |
| ASSOCIATION; and NATIONAL UNION FIRE | ) | |
| INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA; | ) | |
| SRI MICHIGAN AVENUE VENTURE, LLC; | ) | |
| SHORENSTEIN REALTY SERVICES, L.P.; | ) | |
| SHORENSTEIN MANAGEMENT, INC.; | ) | |
| SRI MICHIGAN AVENUE MANAGEMENT, INC.; | ) | |
| and SHORENSTEIN COMPANY, LLC, | ) ) | |
| Defendants/Counter-Plaintiffs, | ) | |
| v. | ) ) | |
| UNITED STATES FIDELITY & GUARANTY COMPANY, | ) ) | |
| Plaintiff/Counter-Defendant. | ) ) | |
| _____ | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA; | ) | |
| SRI MICHIGAN AVENUE VENTURE, LLC; | ) | |
| SHORENSTEIN REALTY SERVICES, L.P.; | ) | |
| SHORENSTEIN MANAGEMENT, INC.; | ) | |
| SRI MICHIGAN AVENUE MANAGEMENT, INC.; | ) | |
| and SHORENSTEIN COMPANY, LLC, | ) ) | |
| Defendants/Third Party Plaintiffs, | ) | |
| v. | ) ) | |
| AMERICAN MOTORISTS INSURANCE COMPANY, | ) ) ) | |
| Third Party Defendant. | ) | |

**SHORENSTEIN AND NATIONAL UNION'S MOTION FOR ENTRY OF JUDGMENT IN ACCORD WITH MANDATE AND OPINION OF SEVENTH CIRCUIT**

NOW COME the Third-Party Plaintiffs, National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter "National Union"); SRI Michigan Avenue Venture, LLC; Shorenstein Realty Services, L.P.; Shorenstein Management, Inc.; SRI Michigan Avenue Management, Inc.; and Shorenstein Company, LLC (collectively "Shorenstein"), by and through their attorneys, Thomas B. Underwood, Michael D. Sanders, and Richard J. VanSwol, and respectfully move this Honorable Court to enter judgment against Third-Party Defendant American Motorists Insurance Company ("AMICO"), and in favor of National Union and Shorenstein, in accord with the opinion and mandate of the United States Court of Appeals for the Seventh Circuit in appeals 11-2500 and 11-2533. (*See* Docs. 424, 425.) In support of their Motion for Entry of Judgment, National Union and Shorenstein state as follows:

**I. PROCEDURAL HISTORY AND CROSS-APPEALS**

The facts of this declaratory action, arising from a tragic 2002 accident at the John Hancock Center, are very familiar to this Court, which has already issued five published opinions in this litigation: 564 F.Supp.2d 839 (N.D.Ill. 2008) ("*Shorenstein I*"), 591 F.Supp.2d 966 (N.D.Ill. 2008) ("*Shorenstein II*"), 700 F.Supp.2d 1003 (N.D.Ill. 2010) ("*Shorenstein III*"), 837 F.Supp.2d 806 (N.D.Ill. 2011) ("*Shorenstein IV*"), and 803 F.Supp.2d 920 (N.D.Ill. 2011) ("*Shorenstein V*"). After this Court entered its Amended Judgment of June 10, 2011 (Doc. 356), disposing of all claims as to all parties, United States Fidelity & Guaranty Company ("USF&G") and AMICO filed appeals, and National Union and Shorenstein filed a cross-appeal (Nos. 11-2442, 11-2500, 11-2533).

The claims relating to USF&G, 175 East Delaware Place Homeowners Association ("HOA"), and Mt. Hawley Insurance Company ("Mt. Hawley") fully resolved through the

Seventh Circuit's Settlement Conference Program under Fed. R. App. P. 33 and Cir. R. 33. The only issues that were briefed and argued before the Seventh Circuit were therefore those in AMICO's appeal (11-2500) and National Union and Shorenstein's cross-appeal (11-2533). These appeals concerned the extent of AMICO's duty to indemnify Shorenstein in the underlying lawsuits.

AMICO's appeal challenged portions of this Court's coverage rulings in *Shorenstein III* and its computation of National Union and Shorenstein's damages in *Shorenstein IV*. The Seventh Circuit easily rejected all of the arguments in AMICO's appeal and affirmed this Court with respect to those holdings. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Am. Motorists Ins. Co.*, 707 F.3d 797, 800, 802–03 (7th Cir. 2013), Doc. 425 at 4, 8–10 ("*Shorenstein VI*").

National Union and Shorenstein cross-appealed as to the number of Shorenstein entities that were underlying defendants and as to how many AMICO insured. The Seventh Circuit held that AMICO had a duty to indemnify SRS as the "Owner's Agent" in Shorenstein's contract with AMICO's named insured, and that AMICO had a duty to indemnify Shorenstein Company. *Shorenstein VI*, 707 F.3d at 800, Doc. 425 at 3–4. The Seventh Circuit also ruled that National Union's settlement payment in the underlying lawsuits should be divided among all five Shorenstein entities that were named as defendants, which are also the five Shorenstein entities that are third-party plaintiffs against AMICO: (1) SRI Michigan Avenue Venture, LLC ("SRI"); (2) Shorenstein Realty Services, L.P. ("SRS"); (3) Shorenstein Company, LLC ("Shorenstein Company"); (4) SRI Michigan Avenue Management, Inc. ("SRI Management"); and (5) Shorenstein Management, Inc. ("Shorenstein Management").

In short, the Seventh Circuit affirmed the methodology of this Court's calculations but, based on the facts that five Shorenstein entities were defendants in the underlying litigation and

that AMICO owed a duty to indemnify three of them, remanded this litigation for this Court "to recompute the amount of reimbursement to which Shorenstein (and hence, by subrogation, National Union) is entitled from AMICO." *Id.* at 803, Doc. 425 at 10. Although AMICO disagrees, Shorenstein and National Union respectfully submit that they are entitled to judgment against AMICO in the amount of $3,071,571.24, plus $13,759.65 awarded for costs in *Shorenstein V*, and the accrued post-judgment interest on those awards.

## II. CALCULATING JUDGMENT AGAINST AMICO

The Seventh Circuit approved of this Court's determination in *Shorenstein IV* that National Union's settlement payment should be divided into equal shares paid on behalf of the Shorenstein entities named in the underlying lawsuits. *Shorenstein VI*, 707 F.3d 797, 801; *see Shorenstein IV*, 837 F.Supp.2d 806, 813–14. As stated above, the Seventh Circuit determined that there were five Shorenstein entities named in the underlying lawsuits and that AMICO insured SRS, SRI, and Shorenstein Company, or three out of five defendants. 707 F.3d at 800–01, Doc. 425 at 4–5. Using this Court's methodology as set forth in *Shorenstein IV* and the Seventh Circuit determination's as to the number of Shorenstein defendants, National Union paid equal shares of its settlement payment on behalf of five defendants, and National Union's payment of $7,678,928.10 would then represent a payment of $1,535,785.62 for each of five defendants. Multiplying $1,535,785.62 by three, National Union paid a total of $4,607,356.86 on behalf of AMICO's three insureds, SRI, SRS, and Shorenstein Company.

In *Shorenstein IV*, this Court evenly divided the judgment between AMICO and USF&G with respect to SRI, which this Court's judgment stated that AMICO and USF&G both insured. 837 F.Supp.2d 806, 814–15, 817; Am. J., Doc. 356 at ¶¶ 3–4, 6. Continuing to apply this Court's approach in *Shorenstein IV*, AMICO should be liable for $767,892.81, or half of $1,535,785.62, with respect to SRI because USF&G was also adjudicated to insure SRI. This Court also entered

4

a judgment that USF&G insured SRS, 837 F.Supp.2d at 814, 817; Am. J., Doc. 356 at ¶¶ 3–4, and the Seventh Circuit has now held that AMICO insures SRS as well, 707 F.3d at 800, Doc. 425 at 4–5. AMICO should therefore also be liable for $767,892.81 with respect to SRS. AMICO therefore is liable for a total of $1,535,785.62 with respect to indemnity on behalf of SRI and SRS.

Unlike SRI and SRS, this Court determined that USF&G did not insure Shorenstein Company. USF&G expressly denied that it insured Shorenstein Company in the prior proceedings before this Court (Doc. 162 at 13, Doc. 306 at 7), and on Shorenstein Company's claims for coverage from USF&G, this Court entered judgment against Shorenstein Company and in favor of USF&G, specifically finding and declaring "that USF&G is not obligated to indemnify . . . Shorenstein Company, LLC in connection with any lawsuits arising out of the March 9, 2002 swing stage collapse at the John Hancock Center." (Doc. 356 ¶ 1; *see also* ¶ 5.) That portion of the Court's Amended Judgment has not been affected by the Seventh Circuit's decision.

AMICO, on the other hand, has been held to insure Shorenstein Company. *Shorenstein VI*, 707 F.3d at 800, Doc. 425 at 5. AMICO is therefore solely liable for the $1,535,785.62 that, by this Court's method of calculation, National Union paid on behalf of Shorenstein Company. Adding this amount to the $1,535,785.62 that AMICO owes in indemnity of SRI and SRS, this Court should enter a judgment of $3,071,571.24 against AMICO and in favor of National Union and Shorenstein.

For the reasons stated above, National Union and Shorenstein pray that this Court enter judgment in favor of National Union Fire Insurance Company of Pittsburgh, Pa., SRI Michigan Avenue Venture, LLC, Shorenstein Realty Services, L.P., and Shorenstein Company, LLC, and

5

6

against American Motorists Insurance Company in the amount of $3,071,571.24, plus costs and interest, and grant such other and further relief as this Court deems appropriate and just.

                Respectfully submitted:

                /s/ Thomas B. Underwood
                Thomas B. Underwood
                One of the Attorneys for Defendants,
                National Union Fire Insurance Company of Pittsburgh, Pa.;
                SRI Michigan Avenue Venture, LLC; Shorenstein Realty
                Services, L.P.; Shorenstein Management, Inc.; SRI Michigan
                Avenue Management, Inc.; and Shorenstein Company, LLC.

PURCELL & WARDROPE, CHTD.
10 S. LaSalle Street, Suite 1200
Chicago, IL  60603
(312) 427-3900
F:\TBU PUBLIC\2631 USF&G\Remand\M4Entry of Judgment.doc